UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-01737

**Peralta-Godinez,**
*Petitioner,*
v.
**Collins, et al.,**
*Respondents.*

## ORDER

Diego Ivan Peralta-Godinez is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A). He filed a petition for writ of habeas corpus demanding immediate release or an individualized bond hearing. Because his detention is lawful, the petition is denied.

## BACKGROUND

Petitioner last entered the United States without inspection in or about 2022. Petitioner has no criminal convictions. On June 6, 2026, Petitioner was detained after a traffic stop and taken into custody by federal agents. He has been in federal immigration custody since June 6, 2026, and is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

On June 27, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates Due Process and the Fourth Amendment. His arguments, however, fail. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during

deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[1]

Petitioner also argues that his detention is unlawful because he was arrested in violation of the Fourth Amendment. *See* Pet. at pp. 19–20. But even if his arrest was unlawful, that does not entitle him to the remedy of a writ of habeas corpus. The Supreme Court has held that "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v Lopez-Mendoza*, 468 US 1032, 1040 (1984). Put differently, an unlawful arrest does not immunize a person from deportation proceedings or detention as part of those proceedings. Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition and collecting cases).

For the reasons set forth above and in Parts I and II of this Court's decision in *Cazares Tapia v. Mullin*, No. 1:26-cv-01321, 2026 WL 1657240 (W.D. Tex. June 8, 2026), the Court denies the petition.

---

[1] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *reh'g en banc granted, opinion vacated*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs, Miss.*, 763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, No. 26-50183, 2026 WL 2104747, at *1 (5th Cir. July 21, 2026), does not preclude this Court from adjudicating or entering final judgment in this case.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on August 19, 2026.*

ANDREW DAVIS
United States District Judge